CIACCIO, Judge.
In this worker’s compensation case, plaintiff suffered a work-related accident while employed by defendant. Four toes on one of plaintiffs feet were crushed resulting, ultimately, in a 20% permanent disability with regard to his big toe. Plaintiff also began to suffer back problems which he attributed to the adjustments he was forced to make in walking and other ambulatory activities as a result of the injury to his foot.
The trial court found plaintiff totally and permanently disabled, and awarded him one hundred fifty ($150.00) dollars per week for the duration of his disability.
Defendant appeals assigning three errors: (1) The award exceeds the maximum benefits allowable; (2) The evidence does not support a finding that plaintiffs back problems resulted from the injury to his foot; and (3) The only compensation should be for the 20% permanent disability of the big toe.
Of initial importance for our review is the issue presented by appellant’s second assigned error, i.e., was the trial judge clearly wrong in finding causation between plaintiff’s foot injury and his subsequent back problems? Appellant argues that the evidence establishes only a possibility that the back problems resulted from the foot injury, and that evidence of a possibility is not sufficient to sustain a finding of causation. In worker’s compensation cases, where there is proof of a work-related accident and of the following disability without any intervening cause, it is presumed that the accident caused the disability. The effect of this presumption is to shift the burden to the defendant to come forward with enough evidence to rebut the presumption. Guillory v. United, States Fidelity and Guaranty Insurance Company, 420 So.2d 119 (La.1982); Urbi-na v. Alois J. Binder Bakery, Inc., 423 So.2d 765 (La.App. 4th Cir.1982).
In this case plaintiff suffered a work-related accident following which he experienced a 20% permanent disability of his big toe and pain in his back. Any disability caused by plaintiff’s back condition is presumed to have resulted from the accident. By cross-examination of plaintiff’s treating physician, defendant established that it was only a possibility that plaintiff’s back condition resulted from any post-accident adjustments plaintiff made because of his foot injury. Although this implies that something else could possibly have caused plaintiff’s back condition, this implication is not evidence sufficient to rebut the presumption that the accident caused plaintiff’s disability. Urbina v. Al-ois J. Binder Bakery, Inc., supra. The trial judge’s conclusion is not clearly wrong and will not be disturbed.
Having found that the conclusion concerning causation will stand, it is clear that plaintiff is entitled to more than the compensation payable for 20% permanent disability of his big toe. (Appellant’s third assigned error.) We find, however, that plaintiff is not totally and permanently disabled as found by the trial judge.
Total disability, whether permanent or temporary, means the inability to engage in any gainful occupation, whether *728 or not the same or one similar to that in which the employee was customarily engaged when injured. Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982); Johnson v. Aetna Casualty & Surety Co., 422 So.2d 1187 (La.App. 1st Cir.1982), writ denied, 429 So.2d 127 (La. 1983). The evidence in the record indicates that plaintiff was injured in August of 1978. In December of 1978 he returned to work for his same employer, defendant, and continued to work there until February of 1980. From March of 1980 until January of 1982 plaintiff worked for two different employers. From July of 1982 until January of 1983 plaintiff returned to work with one of his former employers. Also, sometime during this period plaintiff worked for yet another employer on occasional one-day jobs plus a two-week job during which plaintiff testified he worked twelve hours a day, seven days a week. Before trial in 1983, plaintiff worked for yet another employer. Trial was in April of 1983. Plaintiffs earnings for 1979 were approximately $19,000.00; for 1980, approximately $17,288.00; and for 1982, approximately $20,899.00. Plaintiff was not totally disabled. The trial court’s finding that plaintiff was totally disabled was clearly wrong.
This does not, however, preclude plaintiff’s receiving any compensation award at all. See Martin v. H.B. Zachry Co., 424 So.2d 1002 (La.1982); Schoest v. J. Ray McDermott & Co., Inc., supra. An employee may be deemed partially disabled if he is unable to perform the same duties in which he was customarily engaged, or duties of the same or similar character for which he is fitted by education, training or experience. La.R.S. 23:1221(3).[1] A claimant may be considered partially disabled under Sec. 1221(3) when his work-related injury prevents him from performing significant physical tasks which are required by his employer and important to the effective performance of his work. Dodd v. Nicolon Corporation, 422 So.2d 398 (La. 1982); Naquin v. Uniroyal, Inc., 405 So.2d 525 (La.1981).
Plaintiff was employed as a boilermaker. Concerning what limitations plaintiff might experience as a result of his back problems, his treating physician (the only medical expert to testify) testified that plaintiff would have “difficulty”, “trouble”, or that he “wouldn’t advise” stooping, bending, walking on uneven surfaces, climbing, lifting heavy objects, swinging mallets and hammers, getting inside of boilers and working on the inside in confined areas. The evidence indicates that when plaintiff worked following his injury, he would occasionally experience back problems such that he was unable to properly perform his required tasks. Plaintiff testified to at least one occasion where he actually lost his job because his back condition prevented him from doing his work.
While plaintiff’s post-accident work record indicates that he can continue to perform many of the tasks required of a boilermaker, the evidence indicates that some tasks he should not attempt to perform and that, of those tasks he chooses to attempt, he will be unable to perform whenever his back condition flares up. Plaintiff’s physician even indicated that should plaintiff attempt certain tasks which involve the risk of precipitating a symptomatic episode of his back condition, his consequential inability to perform might create a hazard for his fellow workers. We find that the preponderance of the evidence establishes that plaintiff is permanently partially disabled.
The accident occurred in August of 1978. Under La.R.S. 23:1221(3) plaintiff is entitled to compensation at a rate of:
sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any *729 week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, during the period of disability, ... not beyond a maximum of four hundred fifty weeks for such partial disability resulting from injury occurring on and after September 1, 1977; provided further that for any week during which the employee is paid any compensation under this subdivision (3) the employer shall be entitled to a reduction of one full week of compensation against the maximum number of weeks for which compensation is payable under this subdivision (3) and for any week during which the employee is paid no compensation, because of the employee’s actual earnings during that week, the employer shall not be entitled to a reduction for that week against the maximum number of weeks for which compensation is payable under this subdivision (3), and in no event shall the total number of weeks of compensation for such partial disability under this subdivision (3) be increased beyond the maximum number of weeks stated in this subdivision (3).
The maximum weekly compensation to be paid is provided by La.R.S. 23:1202 (appellant’s first assigned error). That amount equals 66-⅜% of the average weekly wage paid in all employment subject to the Louisiana Employment Security Law computed to the nearest multiple of one dollar. The applicable average weekly wage as determined by the administrator of the office of employment security, La.R.S. 23:1202, for the period, during which plaintiff was injured is $194.75. See Johnson v. Aetna Casualty & Surety Co., supra. Maximum weekly benefits, therefore, equal $130.00. Further, legal interest shall accrue on all past due payments from date due until paid. Martin v. H.B. Zachry Co., supra.
The record does not contain evidence of the weekly wages plaintiff actually earned for his post-accident work. We are, therefore, unable to calculate the benefits due. Consequently, we remand this matter to the district court for a determination of the benefits due in accordance with law.
Accordingly, the judgment of the district court is set aside. Judgment is hereby entered declaring plaintiff to be permanently partially disabled and entitled to the benefits due pursuant to La.R.S. 23:1221(3) (as it read in August 1978). The matter is remanded to the district court for the determination of benefits.
All costs are to be paid by appellants.
SET ASIDE, AMENDED AND REMANDED

. La. Acts 1983, 1st Ex.Sess. No. 1, amended La.R.S. 23:1221 effective July 1, 1983. Throughout this opinion we consider the statute as it existed at the time of plaintiff s accident and the trial.