503 So.2d 611 (1987)
Melvina BAILEY
v.
ZURICH AMERICAN INSURANCE COMPANY and Chalmette General Hospital, Inc.
No. CA-6413.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
*613 Gregory G. Gremillion, Windhorst, Pastorek & Gaudry, Gretna, for defendant-appellant.
Alan F. Schoenberger, Kirchberg and Schoenberger, New Orleans, for plaintiff-appellee.
Before SCHOTT, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
Defendants-appellants, Zurich American Insurance Company and Chalmette General Hospital appeal the trial court's award of worker's compensation benefits to plaintiff-appellee, Melvina Bailey. We affirm in part and amend in part.
The underlying lawsuit arose when Mrs. Bailey slipped and fell on October 16, 1983, while in the course and scope of her employment as a dietary aide at the Chalmette General Hospital. Her injury was diagnosed as a strain of the hamstring muscles in the left knee and hip. Over the next one and one half years Mrs. Bailey was treated by six different physicians. Based on the opinion of some of these physicians that Mrs. Bailey could return to work, appellants stopped compensation benefits in March, 1984.
On May 1, 1984, Mrs. Bailey filed suit to recover both worker's compensation benefits allegedly due to her and all medical expenses resulting from treatment of her fall-related injuries. As of the date of trial on May 15, 1985, the appellants had paid Mrs. Bailey worker's compensation benefits for the period from October 16,1983, to March 26, 1984, at a rate of $44.00 per week for total of $601.24. Appellant's had also paid all of Mrs. Bailey's medical expenses except for $1,097.00 in outstanding doctor bills and $39.50 of medication.
At trial, Drs. Razza, Dileo and Juneau gave live testimony and the medical reports of Drs. Andrews, Elmorshidy and Cracco were admitted into evidence. After reviewing the evidence, the trial judge ruled in favor of Mrs. Bailey awarding her 200 weeks of worker's compensation benefits in the sum of $113.58 per week commencing October 17, 1983. The judgment further decreed that all unpaid medical bills introduced into evidence and all subsequent medical bills for a period of 200 weeks from the date of injury be paid by the appellants. The judgment also gave appellants a dollar for dollar credit for all State or Federal unemployment benefits and all sheltered employment or Social Security benefits which Mrs. Bailey would receive during a 200 week period commencing October 17, 1983.
By the appellants' first assignment of error, they contend that Mrs. Bailey failed to bear the burden of proving that she was temporarily totally disabled at any time after November 2, 1983, when she returned to work. We disagree.
The grant of worker's compensation benefits for a temporary total disability is governed by R.S. 23:1221(1) which provides that:
"Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
(1) Temporary total. For injury producing temporary total disability of an employee to engage in any self-employment or gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability."
In proving a claim for temporary total disability, the plaintiff has the burden of establishing her claim to a legal certainty and by a reasonable preponderance of the evidence. Hookfin v. Schwegmann Bros. etc., 398 So.2d 1218 (La.App. 4th Cir.1980); Brown v. Georgia Casualty and Sur. Co., 490 So.2d 639 (La.App. 2nd Cir. 1986). When claiming a total disability, whether permanent or temporary, the plaintiff must prove her inability to engage in any gainful occupation whether or not the same or similar to that in which she was customarily engaged when injured. *614 Connelly v. Buck Kreihs Co, 463 So.2d 725 (La.App. 4th Cir.1985). In doing so, the plaintiff may rely on medical and lay testimony. Simpson v. Kresge Co., 389 So.2d 65 (La.1980). Once the trial court has made factual findings as to disability and the length thereof, those determinations are entitled to great weight and are not to be disturbed except upon a showing of manifest error. Hookfin v. Schwegmann, supra; Newell v. United States Fidelity and Guaranty Co., 368 So.2d 1158 (La. App. 3rd Cir.1979).
In the instant case, Mrs. Bailey testified at trial that she slipped and fell at work injuring her left leg, right knee and lower back. After a brief period of convalescence, she returned to work only to find that she could not walk as much as her job demanded and as a consequence performed less work. Mrs. Bailey further testified that shortly after returning to work she saw Dr. Andrews and complained of increased swelling in her leg. On the date of trial, approximately 19 months after her injury, Mrs. Bailey stated that she could not sit or stand for periods of longer than an hour without experiencing nagging pains to her lower back.
At trial, three physicians testified concerning their treatment of Mrs. Bailey. Dr. Dileo treated the appellee on seven occasions spanning a six month period. Based on his last examinations of Mrs. Bailey on June 7, 1984, he testified that he did not discharge her to return to work on that date because he noted persistent tendonitis to the left knee area. He further stated that his opinion was supported by both subjective and objective findings.
Dr. Razza, first saw Mrs. Bailey almost a year after the accident, when he treated her for pain to the lower back, left hip and left leg. Subsequently he treated her three additional times noting no significant changes in her complaints based on his physical findings. When Mrs. Bailey last saw Dr. Razza on April 27, 1985, he interpreted the results of a C.T. scan performed on March 29, 1985. In his opinion, the scan showed a degeneration in her spine that pre-existed her fall. Upon further questioning, Dr. Razza stated that he suspected that the accident aggravated the spinal condition, accelerating the degenerative process and causing her symptoms to begin. He also suggested additional testing to pinpoint the exact source of Mrs. Bailey's pain and determine if surgery would be recommended. On the basis of Mrs. Bailey's complaints, Dr. Razza stated that she would likely experience problems performing duties that involved prolonged sitting and standing. He also stated that the symptoms Mrs. Bailey was exhibiting at the time of trial were consistent with the test results he had interpreted on April 27, 1985.
Dr. Juneau, also testified regarding his examination of Mrs. Bailey on August 28, 1984. Although his exam yielded basically normal results, Dr. Juneau noted a tenderness in the lower back area and left knee. X-rays revealed degenerative disc disease of the lumbar spine and degenerative arthritis in the knee which he felt pre-existed Mrs. Bailey's fall. On the basis of his exam, Dr. Juneau was of the opinion that there were no objective findings to indicate that Mrs. Bailey could not work as a dietary aide. Asked whether the pre-existing back condition could have been aggravated by trauma, Dr. Juneau responded affirmatively.
Medical reports were also introduced in evidence in lieu of live testimony from the other three physicians who had treated Mrs. Bailey. Dr. Elmorshidy's reports showed that he treated the appellee on seven occasions from November 11, 1983, to August 23, 1984, for a strained hamstring muscle of the left leg. He returned her to regular activities after his examination of November 29, 1983. On his last examination of Mrs. Bailey, he noted continued tendeness at the hamstring tendon.
In the medical report submitted by Dr. Andrews, he detailed five visits with Mrs. Bailey over a period of 3 months. The report shows that he diagnosed her as having strained hamstring muscles of the knee and hip. After the visit of January 24, 1984, Dr. Andrews advised the patient to start light duty. In his report, he noted *615 that it was "too early in the course of treatment to give a long term prognosis" of Mrs. Bailey, but since she was progressing nicely, he felt she should be able to resume regular activities in a "few months".
Two medical reports from Dr. Cracco, were submitted into evidence. In the first report he noted a provisional diagnosis of a resolving lumbar-sacral strain after having examined Mrs. Bailey on February 16, 1984. Upon a second examination on March 29, 1984, Dr. Cracco noted normal range of motion of the lumbar spine and no complaints of left knee pain. On the basis of this last examination, Dr. Cracco suggested that the appellee resume work.
At trial, there was also testimony from a vocational rehabilitation counselor who stated that there were several job opportunities available which would probably not impinge upon Mrs. Bailey's inability to sit or stand for appreciable periods of time if she had reached maximum medical improvement and was deemed ready to work.
Although the evidence on appeal presents a close call as to the extent and duration of Mrs. Bailey's disability, the trial court's finding is entitled to great weight and should not be disturbed unless clearly wrong. Thomas v. Elder Pallet & Lumber Sales, Inc., 493 So.2d 1267 (La.App. 3rd Cir.1986). On the basis of the testimony and the evidence admitted at trial, we conclude that the trial court was not clearly wrong in finding that Mrs. Bailey had proved by a preponderance that she was temporarily totally disabled from October 17, 1983 to the date of trial.
The appellants also contend that the trial court erred in awarding Mrs. Bailey temporary total disability payments for a fixed period. We agree. Under the current worker's compensation scheme temporary total disability payments are to be granted "... during the period of such disability" R.S. 23:1221(1). Under the previous version of R.S. 23:1222, which was excised from the Worker's Compensation Act by Act 1983, No. 1, Sec. 1, the trial court was empowered "to in its discretion, award compensation for a fixed number of weeks to be based upon the probable duration of such [temporary total] disability". With the 1983 amendments, however, the legislative withdrew this authority and an award of temporary total disability benefits for a fixed period is no longer allowed.
In the present case, Mrs. Bailey proved that she was temporarily and totally disabled at the time of trial. Expert testimony showed that additional medical evaluation and treatment might benefit her. No estimate was offered to suggest at what future date her disability would cease. Under these circumstances the trial court erred in not awarding benefits for an indefinite duration and we therefore amend the judgment to award Mrs. Bailey temporary total disability benefits until her disability ceases. Brewster v. Manville Forest Products Corp., 469 So.2d 340 (La.App. 2nd Cir.1985). This award is subject to the rights of any of the parties to seek a modification of this judgment pursuant to R.S. 23:1331 should Mrs. Bailey's condition change.
The appellants also argue that the trial court erred in awarding Mrs. Bailey future medical expenses for 200 weeks. Under R.S. 23:1203, liability for medical expenses arises only as they are incurred. A plaintiff is not entitled to an award for future medical expenses, but the right to claim such expenses is always reserved to the plaintiff. Lester v. Southern Casualty Ins. Co., 466 So.2d 25 (La.1985). The trial court's judgment is therefore amended to award only those medical expenses which were incurred by Mrs. Bailey and unpaid by the appellants as of the date of trial. The record shows this sum to be $1,136.50.
Finally, the appellants claim that the trial court erred by not giving them credit for worker's compensation benefits previously paid to Mrs. Bailey. We agree. Mrs. Bailey received $601.24 in worker's compensation benefits from October 17, 1983, to March 26, 1984. In assessing the amount of compensation benefits due to Mrs. Bailey the trial court should have given appellant's a credit in this amount. See Lafleur v. Hartford Ins. Co., 449 So.2d *616 725 (La.App. 3rd Cir.1984). We therefore amend the judgment below to grant this credit.
For the above reasons, the trial court's ruling is affirmed insofar as it declared Mrs. Bailey temporarily totally disabled commencing October 17, 1983. The judgment is amended to award the $1,136.50 in medical expenses incurred to the date of trial and reflected by the medical bills placed into evidence. The judgment is further amended to grant the appellee disability benefits until such time as her disability ceases with credit to the appellants for the $601.24 in temporary total benefits disbursed to Mrs. Bailey prior to judgment.
Cost of this appeal are to be paid by appellants.
AFFIRMED IN PART AMENDED IN PART.