525 So.2d 93 (1988)
Jackie LEWIS, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., et al., Defendants-Appellees.
No. 87-86.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1988.
Writ Denied April 29, 1988.
*94 Edwards, Stefanski & Barousse, Russell Zaunbrecher, Crowley, for plaintiff-appellant.
Allen, Gooch, Bourgeois, Breaux, Robison & Theunissen, James Gibson, Lafayette, for defendants-appellees.
Before GUIDRY, YELVERTON, and KNOLL, JJ.
YELVERTON, Judge.
This is a worker's compensation case. Plaintiff, Jackie Lewis, seeks benefits for temporary total disability, statutory penalties and attorney's fees. The trial court found that Lewis failed to prove disability beyond May 24, 1985, and rejected her claim. Lewis appealed this judgment. The judgment is affirmed.
The facts are as follows. Jackie Lewis was employed at the Wal-Mart store located in Abbeville, Louisiana. On March 5, 1985, she went upstairs to the stockroom to get some display materials. On her way down the stairs, she slipped and fell down five or six steps. Lewis fell to the floor and into some bicycles. She complained of pain in her leg and back. Plaintiff was taken by ambulance to a local hospital and released the same day.
Lewis consulted a general practitioner, who referred her to Dr. Roland Miller, an orthopedic surgeon. Dr. Miller treated Lewis from March 20, 1985, to May 24, 1985. On one of the initial visits, Dr. Miller diagnosed plaintiff's injury as a sprained lower back. Dr. Miller performed several tests and reviewed x-rays of Lewis' lumbar spine. All the tests were negative and the x-rays indicated that there were no fractures or dislocation. Because Lewis continued to complain of pain, Dr. Miller performed a CAT scan and an EMG. Both of these studies were normal.
On Lewis' final visit, Dr. Miller was unable to detect any indication of muscle spasms or any other objective finding. Dr. Miller opined that Lewis was voluntarily limiting her movements in his office and overreacting to her injury. Jackie Lewis was complaining of pain over her entire body and even with the slightest touch *95 would express pain. Dr. Miller stated that this was anatomically impossible and that plaintiff was grossly exaggerating her symptoms. On May 24, 1985, the date of Lewis' final visit, Dr. Miller discharged her to return to work. Lewis was discharged with no restrictions nor limitations. However, she never returned to work.
After receiving a letter from Dr. Miller releasing plaintiff to return to work, Wal-Mart terminated the weekly compensation benefits Lewis was receiving. The termination of benefits was effective May 24, 1985.
On the advice of an attorney, Lewis consulted another orthopedic surgeon in Lafayette. Dr. John Cobb began to treat plaintiff on July 24, 1985. Although he was unable to find an objective basis for the complaints of pain, Dr. Cobb was of the opinion that Jackie Lewis was disabled beyond the date she was released by Dr. Miller.
The principal issue raised by this appeal is whether the trial court was clearly wrong, in light of the conflicting medical testimony, in its determination that plaintiff was not disabled beyond May 24, 1985. After a careful review of the entire record, including the depositions of both treating physicians, we conclude that the trial court was not clearly wrong.
In order to receive temporary total disability benefits, the injured employee must prove that the injury has prevented the employee from engaging in any selfemployment or gainful occupation, regardless of whether that was of the same type in which the employee was engaged at the time the injury was sustained. La.R.S. 23:1221(1).
This court is cognizant of the rule that in compensation cases the law is to be liberally construed in favor of the employee. However, a plaintiff seeking temporary total disability is required to prove the facts by a preponderance of the evidence and with the same legal certainty as required in any other civil case. Sepulvado v. Willamette Industries, 459 So.2d 1342 (La. App. 3rd Cir.1984).
Whether a plaintiff's pain is substantial enough to render him/her disabled is a question of fact to be determined by the trier of fact. Such a determination of fact will not be disturbed on appeal when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for such finding, unless such findings are clearly wrong. Ellis v. Rapides Parish School Board, 419 So.2d 990 (La.App. 3rd Cir.1982).
Neither doctor could find any objective signs to support Lewis' complaints of pain. Dr. Miller testified via deposition that Lewis was exaggerating her pain and could return to work as of May 24, 1985. Dr. Cobb concluded that Lewis was still disabled as of that date and could not return to work. However, this conclusion was based primarily on plaintiff's self-serving statements and not on any objective symptoms.
The trial judge obviously chose to give more weight to the testimony of Dr. Miller than he did to the testimony of Dr. Cobb. He also chose to disbelieve the testimony of Lewis as to continuing pain. Based on a thorough analysis of the record as a whole we cannot say that the trial court's determination was clearly erroneous.
In light of our affirmation of the trial court's finding that Jackie Lewis was no longer disabled after being released by Dr. Miller on May 24, 1985, Wal-Mart was not acting arbitrary and capricious when it terminated her benefits after that date. Thus, Lewis is not entitled to penalties and attorney's fees.
Jackie Lewis also assigned as error the fact that the trial judge allowed the defense to call two rebuttal witnesses to testify who were not listed in the pretrial order. This assignment of error lacks merit.
Lewis testified at trial that she had not been out dancing on any occasion since the accident. Wal-Mart called two witnesses to specifically rebut this testimony. Both witnesses testified that they saw Jackie Lewis dancing after the accident.
*96 The rules of the Fifteenth Judicial District Court require that all witnesses be listed by name and reported to opposing counsel prior to trial. However, there is one exception to this rule. It does not apply to rebuttal witnesses the necessity of whose testimony cannot be reasonably anticipated before the time of trial.
Rebuttal evidence is that which is offered to explain, repel, counteract or disprove facts given in evidence by the adverse party. State v. Trosclair, 443 So.2d 1098 (La.1983). The witnesses' testimony was, by definition, rebuttal evidence. It was offered to disprove the factual statement made by Jackie Lewis that she had not been dancing since the accident. The defense could not have anticipated in advance of the trial that plaintiff would deny that she had been dancing. Lewis was not asked in her pretrial deposition whether she had danced since the accident.
Additionally, under Article 1551 of the Code of Civil Procedure, the trial judge has the discretion to modify a pretrial order at the trial in order to prevent a manifest injustice. We find no abuse of that discretion in this instance.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff.
AFFIRMED.