557 So.2d 287 (1990)
Linda SHARPLESS
v.
JO ELLEN SMITH MEDICAL CENTER and Birmingham Fire Insurance Company.
No. 89-CA-1189.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1990.
Writ Denied March 30, 1990.
Nicholas Estiverne, Nicolas Estiverne & Associates, New Orleans, for plaintiff-appellant.
Wade A. Langlois, III, Delbert G. Talley, Windhorst, Gaudry, Talley & Ranson, Gretna, for defendants-appellees.
Before CIACCIO, WILLIAMS and BECKER, JJ.
CIACCIO, Judge.
In this worker's compensation suit, plaintiff was injured twice, first in April, 1987 and again in May, 1988. Plaintiff appeals the trial court's denial of temporary total disability benefits following her second injury and supplemental earnings benefits for the period between her re-employment in September, 1987 after her initial injury and the termination of that job in September, 1988 following her second injury. The trial court failed to render judgment on the issues of whether plaintiff is entitled to supplemental earnings benefits after her second injury and whether she is entitled to statutory penalties and attorney's fees. We affirm the trial court judgment insofar as it denied plaintiff temporary total disability benefits and supplemental earnings benefits from September, 1987 to September, 1988. We remand the case to the trial court for a determination of plaintiff's entitlement to supplemental earnings benefits after September 1988, and, if so, what *288 amount and her entitlement to penalties and attorney's fees.
Plaintiff, Linda Sharpless, a registered nurse, injured her neck in the course of her employment at defendant, Jo Ellen Smith Medical Center. While working in the intensive care unit on April 19, 1987 she and two other employees attempted to lift a patient onto a stretcher when she suffered a pain in her neck and shoulder. Plaintiff reported the incident to the hospital and saw several doctors who subsequently diagnosed her injury as a herniated or bulging disc. After an office visit on July 14, 1987, Dr. Alvin Darby, plaintiff's treating physician, found that she had returned to preinjury status and released her to return to light duty work.
Plaintiff returned to work full time in September, 1987 as a field service representative for Abbey Medical Corporation (Abbey). Jo Ellen Smith paid plaintiff workers' compensation benefits in the amount of $250.00 per week from the date of her injury through September 5, 1987, the day she returned to work for Abbey. On May 3, 1988, plaintiff sustained a second injury to her neck during the course of her employment with Abbey when she had to slam on her brakes to avoid hitting a child on a bicycle. Although unable to drive for extensive periods, plaintiff continued to work for Abbey at home until September, 1988 when the company terminated her employment because she could no longer make service calls. A month later in October, 1988, plaintiff and two partners started their own business. Plaintiff has been employed in that capacity up to the date of trial.
Plaintiff filed a claim with the Office of Workers' Compensation in February, 1988. After an attempt at informal resolution of the matter failed, plaintiff filed suit against Jo Ellen Smith and its workers' compensation insurer, Birmingham Fire Company. Abbey was neither named as a defendant in the original petition nor brought into this suit by subsequent pleadings.
On appeal, plaintiff asserts four assignments of error. She contends: 1) the trial court erred in denying her temporary total disability benefits from September, 1988 when she stopped working for Abbey through the date of trial; 2) the trial court erred in not awarding her supplemental earnings benefits from September, 1987 through September, 1988 while she was employed at Abbey; 3) the trial court erred in denying her supplemental earnings benefits from September, 1988 through the date of trial; and 4) the trial court erred in not awarding her penalties and attorney's fees for defendant's arbitrary and capricious withholding of benefits from her.
As to plaintiff's claim for temporary total disability benefits, LSA-R.S. 23:1221(1) establishes when temporary total disability benefits are payable.
The statute reads in part:
(1) Temporary total. For injury producing temporary total disability of an employee to engage in any self-employment or gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
In order to receive temporary total disability benefits, the claimant must prove that the injury has prevented her from engaging in any self-employment or gainful occupation, regardless of whether that was of the same type in which the employee was engaged at the time the injury was sustained. Lewis v. Wal-Mart Stores, Inc., 525 So.2d 93 (La.App. 3rd Cir.1988), writ denied 525 So.2d 1047 (La.1988).
This court recognizes the rule that in compensation cases the law is to be liberally construed in favor of the employee. However, a plaintiff seeking temporary total disability is required to prove the facts by a preponderance of the evidence and with the same legal certainty as required in any other civil case. Id.
Whether a plaintiff's pain is substantial enough to render her disabled is a question *289 of fact. Such a determination of fact will not be disturbed on appeal when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for such finding, unless such findings are clearly wrong. Bailey v. Zurich American Insurance Co., 503 So.2d 611 (La.App. 4th Cir.1987).
In the instant case, plaintiff testified that after her second accident she was able to do sedentary work which would not require lifting or driving lengthy distances. Dr. Darby testified at trial that plaintiff was able to do sedentary type of work within the restrictions he placed upon her which included long term sitting, standing, riding and repetitive activities to the upper extremities. Based on plaintiff's testimony and that of Dr. Darby, the trial judge found that although plaintiff's condition restricted her activities and caused her pain when she exceeded her limitations, plaintiff was still able to work and earn money. We find no error in the trial court's finding that plaintiff was not entitled to temporary total disability benefits after the termination of her position at Abbey in September, 1988.
Plaintiff next argues on appeal that her wages during her employment at Abbey from September, 1987 through September, 1988 were less than 90 per cent of her preinjury wages and, therefore, the trial judge erroneously denied her supplemental benefits for that period. She contends that although she only worked 32 hours each week, Jo Ellen Smith considered her as a full time employee and her average wages should be computed based on a 40 hour work week under LSA-R.S. 23:1021(10)(a)(i). We disagree.
LSA-R.S. 23:1221(3)(a) provides:
(3) Supplemental earnings benefits.
(a) For injury resulting in the employee's inability to earn wages equal to ninety per cent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed as four and three-tenths times the wages as defined in R.S. 23:1021(10).
The evidence in the record indicates that plaintiff regularly worked 32 hours per week while employed at Jo Ellen Smith and 40 hours per week during her employment at Abbey. At trial plaintiff testified that her hourly wage while working for the defendant was $18.00 per hour and that her hourly wage while at Abbey was $11.94 per hour. A letter from the Office of Worker's Compensation introduced into evidence established that plaintiff earned $494.13 per week while employed at Jo Ellen Smith. Plaintiff testified that her average weekly wages from Abbey were $477.60. Clearly, the average weekly wages plaintiff received while at Abbey were not less than 90 per cent of the average weekly wages she earned prior to her injury at Jo Ellen Smith. The trial court did not err in not awarding plaintiff supplemental earnings benefits for the period from September, 1987 to September, 1988.
As to plaintiff's remaining assignments of error, she argues her entitlement to supplemental earnings benefits from September, 1988 to the date of trial and penalties and attorney's fees.
The trial court judgment relative to these issues states:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claim of the plaintiff, Linda Sharpless, for supplemental earnings benefits be denied at this time, subject to additional evidence being offered at a subsequent hearing.
* * * * * * *290 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claim for penalties and attorney fees be reserved for later action.
Because the trial court judgment is neither conclusive nor definitive with respect to these issues, we are unable to address them on appeal. Moreover, there is no evidence in the record which reflects plaintiff's average wages after she left Abbey and went into business with her partners. We therefore remand this case to the trial court in order to determine if plaintiff is entitled to any supplemental benefits following her dismissal from Abbey in September, 1988, and, if so, in what amount, and to further determine whether plaintiff is entitled to statutory penalties and attorney's fees.
Accordingly, the district court judgment is affirmed insofar as it denied plaintiff temporary disability benefits and supplemental earnings benefits from September, 1987 through September, 1988. We remand the case to the lower court for further proceedings not inconsistent with our opinion herein.
AFFIRMED IN PART, REMANDED FOR FURTHER PROCEEDINGS.