KLEES, Judge.
Schwegmann Giant Supermarkets, Inc., appeals the trial court’s reinstatement of *960 workers compensation benefits to plaintiff, Geraldine McClendon. We affirm.
On November 29, 1985, plaintiff Geraldine Williams was employed by defendant (Schwegmann) as a cashier. As she was attempting to exit the vault room at Schwegmann she tripped over a rolling safe and fell on her back striking her head on the metal entrance door of the room. As a result of the accident, Williams alleges that she sustained injuries to her lower back and numbness in her foot along with severe headaches and nausea which continued for several weeks.
Immediately following the accident, Schwegmann began paying workers compensation benefits to Williams, who was prevented from working by the orders of a neurosurgeon, Dr. Amilcar Correa. Dr. Correa began treating Williams on Dec. 10, 1985 and conducted a battery of tests which revealed no major problems. On August 8, 1986, Dr. Correa released plaintiff back to work with no restrictions. She worked until May of 1987 and quit again because of pain. She subsequently returned to work part time in June of 1987, but quit work completely thereafter. Williams began seeing Dr. Luis Matta, an orthopoedic surgeon, on January 11, 1988. On April 19, 1988, her workers compensation payments were terminated and Schwegmann would no longer pay for diagnostic tests. However, Schwegmann has never refused to pay for Williams’s medical treatment.
Williams alleges that she is still entitled to worker’s compensation benefits, and has instituted this suit to require Schwegmann to pay her benefits plus attorney’s fees and penalties for arbitrarily terminating the benefits. The trial court reinstated the benefits finding that Williams was temporarily totally disabled. However, the trial court also found that the termination of benefits by Schwegmann was not arbitrary, capricious or without probable cause and attorney’s fees were denied. Both parties appeal.
The issues presented before the court in this appeal are: Whether Williams is entitled to worker’s compensation benefits; and, if so, whether the termination of benefits by Schwegmann was arbitrary, capricious or without probable cause.
In proving a claim for temporary total disability the plaintiff has the burden of establishing her claim to a legal certainty and by a reasonable preponderance of the evidence. Bailey v. Zurich American Ins. Co., 503 So.2d 611 (La.App. 4th Cir.1987). In order to establish a claim for permanent or temporary total disability, the plaintiff must prove her inability to engage in any gainful occupation, whether or not it is the same or similar to that in which she was customarily engaged when injured. Bailey, supra. In doing so, the plaintiff may rely upon medical and lay testimony. Bailey, supra; Simpson v. S.S. Kresge Co., 389 So.2d 65 (La.1980). Once the trial court has made factual findings as to disability and the length thereof, those determinations are entitled to great weight and should not be disturbed absent a showing of manifest error. Bailey, supra; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In this case, the trial court found that Williams had indeed sustained injuries as a result of her fall. Williams testified that she was still experiencing back and leg pain, headaches, and numbness in her leg and foot at the time of trial. Dr. Matta’s opinion was that she should undergo further diagnostic testing prior to releasing plaintiff back to work. Therefore, the trial court held that worker’s compensation benefits should be reinstated retroactive to the date of termination of those benefits by Schwegmann pending further diagnostic testing and release by Dr. Matta. We find that the decision of the trial court is not manifestly erroneous.
Williams contends that Schweg-mann’s termination of benefits was arbitrary, capricious, or without probable cause such that Schwegmann should be liable for attorney’s fees under La.R.S. 23:1201.2. In view of the conflicting medical testimony, the trial court held that the decision by Schwegmann to terminate benefits was based upon competent medical evidence. *961 We agree. Williams initial treating physician, Dr. Correa, at one point felt that she was fully recovered, and he released her back to work. The senior claims adjuster for Schwegmann testified that he relied on Dr. Correa’s medical reports in making his determination. In addition, Schwegmann never refused payment for medical treatment. Thus we conclude that the trial court was correct in denying attorney’s fees to the plaintiff.
AFFIRMED.