KLEES, Judge.
Plaintiff filed this worker’s compensation suit against his former employer, Ronnie’s Plumbing, and its insurer, Aetna Casualty and Surety Company, after Aetna terminated his disability benefits on July 20, 1990. After a hearing on the merits on October 24, 1991, the administrative hearing officer decided in favor of defendants, finding that plaintiff was not entitled to compensation beyond the date benefits were terminated. After reviewing the facts and applicable law, we reverse.
On July 24, 1986, while in the course and scope of his employment as a plumber’s helper for Ronnie’s Plumbing, plaintiff fell through a hole in the floor while carrying a bathtub. He fell approximately four feet, injuring his neck, shoulder, and lower back. Dr. George Andrews, an orthopedic surgeon, began treatment of plaintiff on the day after the accident. From September of 1986 through March of 1987, plaintiff was hospitalized five times for treatment of these work-related injuries. Plaintiff has continuously complained of pain and tenderness in the shoulder, neck and back. Dr. Andrews has continued to see plaintiff on a monthly basis. In his opinion, plaintiff could possibly work on a part-time trial basis for a maximum of four hours per day, twenty hours per week, with lifting restricted to ten pounds. He also restricted plaintiff from any activity that required bending, stooping, twisting or turning. Dr. Andrews estimated a twenty percent permanent disability to plaintiff as a whole.
At the request of defendants, plaintiff was examined by Dr. Robert Steiner, orthopedic surgeon, on September 10, 1991. Plaintiff complained of recurrent neck pain, tingling in his right finger, occasional occipital headaches, constant lower back pain, constant left leg pain, and constant numbness of three toes on the left foot. Dr. Steiner found some degenerative cervical disc disease, degenerative lumber, disc disease at the L4-5 level, and some nerve root irritation. Dr. Steiner opined that plaintiff should be restricted to light or sedentary work, within certain physical restrictions. He recommended against any work which required bending or stooping. He would limit plaintiff to lifting no more than 35 pounds.
Plaintiff claims that he has been unable to return to any type of employment since the work-related injury in July of 1986. Plaintiff further testified that his daily activities typically include watching television, sitting on the couch or recliner, and sometimes cooking. In his deposition, plaintiff testified that he had not worked since the accident and that he did not own a boat. However, at the hearing, he admitted owning a shrimp boat. He testified that he had been shrimping two or three times on his boat, but only to catch shrimp for personal consumption. He said he sold a few to neighbors to cover costs of operating the boat. Plaintiff further testified that his boat was equipped with electrical winches which performed all of the heavy work for him.
Mr. A.S. Heroman, Jr., investigator for Legal Investigative Services, conducted surveillance at plaintiff’s residence in April of 1989. Mr. Heroman observed plaintiff bending down at the waist to pick up a hose, turn on a faucet, and hose his automobile without signs of pain or restriction.
Mr, Ken Kaboo conducted video surveillance on July 19, 1989, of a man selling shrimp out of the back of a truck. Mr. Heroman identified plaintiff as the man selling the shrimp.
Mr. Benny Lemaire, private investigator for HUB Enterprises, was hired to conduct surveillance of plaintiff. On June 6, 1990, Mr. Lemaire arrived at plaintiff’s residence at 4:55 a.m. and discovered that plaintiffs vehicle was not present. At 9:00 a.m., Mr. Lemaire noticed plaintiffs vehicle parked at Lombard’s Dock. At approximately 2:20 p.m., Mr. Lemaire noticed plaintiff boarding his boat, spending some time on the boat, then exiting the boat and entering the store, walking out of the store, using the pay phone, and then reentering the store. He then noticed plaintiff exit the store with a beer and climb into his truck without any apparent difficulty. As plaintiff began to depart, he was having difficulty rolling up his window so-he stopped and opened his *1064 door to fix the window. Because the paneling to the door was missing, he bent down and attempted to push the window up. Unable to raise the window, plaintiff closed the door and drove off. Mr. Lemarie observed that plaintiff was wearing white “shrimping boots.”
Based on the video surveillance, the hearing officer concluded that the defendants' decision to terminate plaintiff’s benefits in July of 1990 was proper.
On appeal, plaintiff asserts two assignments of error. Plaintiff first argues that the hearing officer was manifestly erroneous in denying disability benefits. Plaintiff further argues that the hearing officer erred in failing to assess penalties and attorney’s fees for defendants’ arbitrary and capricious withholding of benefits.
Plaintiff first contends that the hearing officer erred in rejecting clear and uncontradicted medical evidence of disability in favor of videotape evidence of questionable value. Whether a plaintiff’s pain is substantial enough to render him disabled is a question of fact. Such a determination of fact will not be disturbed on appeal when there is evidence before the trier of fact which upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for such finding, unless such findings are clearly wrong. Sharpless v. JoEllen Smith Medical Center, 557 So.2d 287, 289 (La.App. 4th Cir.1990). Plaintiff did suffer a serious injury at the time of the accident and received compensation benefits for approximately four years before they were terminated. Furthermore, there is medical evidence to support that plaintiff has a serious back injury. Nevertheless, the videotape reveals that plaintiff is capable of getting around without apparent pain.
Based on its viewing of the videotape, the hearing officer was convinced that plaintiff was capable of working. We disagree and find that the hearing officer’s findings were clearly wrong. The videotape does not show plaintiff doing anything that the doctors testified he would be unable to do. Both doctors emphasized that plaintiff had several restrictions regarding his physical abilities. Greater weight should be given to the medical testimony. Therefore, after careful review of the all of the evidence, we find that the hearing officer was not justified in finding that plaintiff was not entitled to disability benefits after termination of these benefits in July of 1990. Accordingly, we reverse this finding in favor of plaintiff.
Plaintiff next argues that defendant’s termination of benefits was arbitrary and capricious and that defendant is thus liable for penalties and attorney’s fees. This argument is without merit. Defendant paid plaintiff benefits for four years before terminating such benefits. The benefits were terminated only after defendant conducted an investigation and determined that plaintiff was capable of performing work. Although we disagree with defendant’s conclusion that plaintiff is no longer entitled to benefits, defendants were not arbitrary and capricious in terminating such benefits. Therefore, plaintiff’s argument is without merit, and we affirm this finding.
Accordingly, for the foregoing reasons, the decision is reversed and judgment is rendered in favor of plaintiff reinstating his disability benefits. All costs are to be borne by appellee.
REVERSED.