MARVIN, Judge.
In this worker’s compensation action arising out of a 1982 accident, the employer appeals a judgment that awarded benefits for partial disability to the claimant, a utility helper-forklift operator, whose right index finger was amputated after it was crushed against a wall by the forklift.
The employer contends that the claimant, after recovering from the amputation and temporary disability, should be found to be able to return to work under the same job classification, as the medical testimony allegedly suggests, because some or much of the strenuous and manual part of claimant’s duties had been drastically eliminated by automation.
The pre-1983 statute, however, provides that an employee is deemed partially disabled if he is unable to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature or description for which he is fitted by education, training and experience. LRS 23:1221(3); Mott v. Wal-Mart Stores, Inc., 486 So.2d 112 (La.1986); Martin v. H.B. Zachry Co., 424 So.2d 1002 (La.1982).
Disability is a question of fact which should not be disturbed unless the trial court , is found to be clearly wrong. Scott v. Sears, Roebuck & Company, 406 So.2d 701 (La.App. 2d Cir.1981).
Reviewing the fact and opinion evidence, we find no error and affirm.
FACTS
Claimant had worked for the employer since 1977. The accident occurred August 29, 1982. Claimant’s duties required him to drive a forklift transporting stacks of 100 bags of starch to a tank, where with the help of another, 200 or more bags were lifted manually and dumped each workday into a tank. Claimant was also required to push heavy sledges or sleds and work under railroad and storage cars, using his hands and wrenches to connect hoses and devices to unload the cars into various tanks, and to climb ladders to check the level of the contents of the tanks. Claimant also transported and handled trash barrels and washed down and cleaned the receiving dock of the employer’s facility.
*8 Within two years after claimant’s accident the employer automated its starch unloading and it was no longer necessary for claimant, or someone in his job classification, to lift the 100 lb. bags of the starch unless the automated equipment malfunctioned. The claimant’s other duties remained essentially unchanged.
Claimant attempted to work for two weeks in November 1982 but could not continue because his hand was then too tender and painful. The employer paid worker’s compensation benefits through January 31, 1984, when it deemed claimant was capable of returning to his former position based on the latest medical report in claimant’s file, that of January 1983.
During 1983, and without the employer’s knowledge, claimant worked part-time as a counselor at a state detention center for the Louisiana Department of Corrections. Claimant also worked in 1983-84, to a lesser degree, as a janitor at a hospital. Claimant returned to work in his former classification about July 1,1984. Claimant continued to complain about his hand. Shortly after claimant returned to work in July 1984, the employer placed him in the general labor pool where he performed janitorial-type work until he resigned his employment on April 12, 1985. Since that time claimant has worked full-time as a counsel- or for the Louisiana Department of Corrections, a work not of similar character to what claimant was doing when injured in 1982.
Claimant’s treating physician, Dr. Nawas, opined that claimant has a 30% permanent partial disability of his right hand as a result of the 1982 amputation, determined by accepted medical or orthopedic standards. Disability under the worker’s compensation law, whether total or partial, however, is determined by the courts and is not relegated solely to medical expertise. See Malone-Johnson, Louisiana Workers' Compensation Law and Practice, §§ 275-280 (2d Ed.1980).
Dr. Nawas initially thought claimant could not perform the duties that claimant described to him. In June 1984, after reviewing the changed job description that the employer furnished him, Dr. Nawas released claimant to return to work. After re-evaluating claimant in November 1984 he placed certain limitations on claimant. He concluded that claimant would not be able to unload railroad cars, to push the sled or sledge under storage cars and hook up the unloading hoses, or to lift and dump the bags of starch, all a significant departure from what claimant had been doing when injured in 1982. Dr. Nawas ultimately opined in February 1985 that claimant should avoid using his right hand to lift, push, pull, and carry heavy objects. See Malone-Johnson, cited supra.
The employer emphasizes the effect of claimant obtaining permanent employment as a counselor before resigning in 1985 and of working at other jobs in 1983-84 without informing the employer, as well as demonstrating his ability to work in the labor pool after returning to work. These circumstances do not lead to the conclusion that claimant was able to perform the duties, or similar duties, he was performing when injured. A partially disabled claimant’s employment or working history in dissimilar occupations, post-disability, is immaterial except to the extent that the amount of compensation due is affected by the wages that the partially disabled claimant may earn.
The statutory definition of permanent partial disability is fulfilled when a claimant proves by a preponderance of the evidence that he is unable to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature or description for which he is fitted by education, training and experience. A temporarily disabled employee who returns to work at lighter or different duties for the same employer may satisfy the statutory definition of permanent partial disability. Each case must stand on its own facts. § 1221(3). Mott, supra; Dauzat v. Gregory & Cook, Inc., 454 So.2d 807 (La.1984); Malone-Johnson, supra. The record supports the judgment *9 and the conclusion that claimant met his burden of proof.
At appellant’s cost, we AFFIRM.