611 So.2d 773 (1992)
Willard HOLMES
v.
INTERNATIONAL PROPERTIES.
No. 92-CA-1233.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1992.
Rehearing Denied February 12, 1993.
*774 Denis Paul Juge, Frank R. Whiteley, Sutherland, Juge, Horack & Dwyer, New Orleans, for defendant-appellant.
Before BARRY, WARD and JONES, JJ.
BARRY, Judge.
In this workers' compensation suit, International Properties appeals an award of temporary total disability benefits to Willard Holmes. International Properties argues that Holmes has reached maximum recovery and should have been awarded supplemental earnings benefits.

FACTS
Holmes was employed by International Properties for ten years in the maintenance department and it was stipulated that his average weekly wage was $300. His duties included moving furniture and replacing air conditioner compressors. Holmes claims that he injured his hip while moving a heavy desk in December of 1989.
Holmes, 52 years old, testified that he has a sixth grade education and limited reading ability. He walks with a cane and claims that his hip and ankle occasionally bother him. He must lead with his left foot when going up and down stairs. Holmes testified that he had no problem with his hip before the accident.
Commercial Union Insurance Company, International Properties' workers' compensation insurer, paid $200 per week temporary total disability from December 23, 1989 through August 13, 1991, and then paid supplemental earnings benefits of $86.67 per week.
The parties stipulated to all medical records. Dr. Russell C. Grunsten, treating physician, reported on January 11, 1990 that Holmes' right hip had severe degeneration and the doctor recommended a total hip replacement. The doctor said Holmes was "... not a candidate to carry out laboring activities in the future."
Dr. Grunsten performed a total hip replacement on February 2, 1990. On March 13, 1990 he reported that Holmes had no pain in his hip and could wean himself from a walker to a cane. On May 10, 1990 Dr. *775 Grunsten stated there was no pain in the hip area or progression of the hip disease.
On February 19, 1991 Dr. Grunsten reported that Holmes was not in pain and walked without a limp, but that he should be cautious with ambulatory activity. He stated that a "sedentary activity program is permissible, however he should not undertake anything that requires strenuous lifting or repeated bending or squatting...."
On April 4, 1991 Dr. Grunsten informed International Properties that:
Mr. Holmes appears to have reached a point of maximum improvement as a consequence of his total hip replacement surgery. He is now capable of ambulating under comfortable circumstances. Such total hip reconstruction, however, precludes work activity with any physical strain in the future. Clearly, any future work activity should be sedentary in nature. (Emphasis added).
Robert Strader, vocational rehabilitation and job placement expert, testified that he met with Dr. Grunsten and determined that Holmes could perform sedentary to light work. Strader stated that Dr. Grunsten approved the following jobs: assembler, cashier booth tender, gate tender, ticket selling, parking lot cashier, car rental deliverer, toll collector, courier, dental lab technician, optical technician, telephone solicitor and a light security job with restrictions.
Strader met with Holmes to evaluate his past job history and educational background. A labor market survey determined acceptable jobs within Holmes' intellectual and physical capabilities. The jobs were within a 50-mile radius of Holmes' residence and included: parking lot cashier, ticket taker, security guard/gate tender, bench worker and assembly positions. Those positions paid between $4.25 and $5.00 per hour. Several jobs are classified as sedentary and several are light duty.
The hearing examiner determined that Holmes was temporarily, totally disabled and he ordered Commercial Union to pay benefits from August 14, 1991 through the date of trial at $200 per week plus interest (with credit for payments) and $200 per week as long as Holmes is disabled. Commercial Union was ordered to pay reasonable medical fees including future treatment resulting from the accident.

ANALYSIS

A. Temporary Total Disability

La.R.S. 23:1221(1) establishes when "temporary total" disability benefits are payable and states in part:
(1) Temporary total.
(a) For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds % of wages during the period of such disability....
(c) For purposes of Subparagraph (1)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (1)(b) of this Paragraph, compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in pain, notwithstanding the location or availability of any such employment or self-employment.
(d) An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made, and the employee's physical condition has improved to the *776 point that continued, regular treatment by a physician is not required, or six months after the injury, whichever first occurs. If the claimant contends that his disability is of a temporary nature but extends beyond the 6-month period, he must submit a claim for extension of the period of temporary total disability under R.S. 23:1310.3. (Emphasis added).
Holmes received temporary total disability benefits from December, 1989 until August, 1991, past the 6-month limitation imposed by La.R.S. 23:1221(1)(d). The limitation applies to claims filed after January 1, 1990, and Holmes' claim was filed on January 31, 1991. International Properties does not seek reimbursement for benefits already paid. However, this claim can be regarded as an extension of the period of temporary total disability, which was granted by the trial judge. We now consider whether the extension was proper.
To receive temporary total disability benefits a claimant must prove his inability to engage in any gainful occupation, whether or not it is the same type of work in which the employee was engaged at the time of injury. Sharpless v. Jo Ellen Smith Medical Center, 557 So.2d 287, 288 (La.App. 4th Cir.), writ denied 558 So.2d 606 (La.1990); McClendon v. Schwegmann Giant Supermarkets, 561 So.2d 959, 960 (La.App. 4th Cir.1990). Although compensation cases are liberally construed in favor of the employee, a plaintiff seeking temporary total disability benefits is required to prove the necessary facts by a preponderance of the evidence and with the same legal certainty as required by any other civil case. Sharpless, 557 So.2d at 288.
Holmes did not introduce evidence to prove that his injury prevented him from engaging in any employment. He only stated that his hip was painful on occasion and that he had difficulty walking up and down stairs. Conversely, the records of Dr. Grunsten and the testimony of Robert Strader state that Holmes could perform sedentary duties.
In addition, Dr. Grunsten reported on April 4, 1991 that Holmes had reached "a point of maximum improvement." When a satisfactory degree of healing is reached and the claimant is no longer in a period of recovery his "... condition will be deemed `permanent' and he will no longer be entitled to temporary total disability benefits." Ross v. St. Paul Fire & Marine Insurance Company, 556 So.2d 891 (La. App. 2d Cir.1990).
Factual findings as to disability and length are entitled to great weight and should not be disturbed absent manifest error. Bailey v. Zurich American Insurance Company, 503 So.2d 611, 614 (La. App. 4th Cir.1987). However, the hearing examiner was manifestly erroneous in his determination that Holmes was entitled to temporary total disability benefits. Uncontroverted evidence proved that Holmes could perform sedentary employment. In reasons for judgment it was noted that Holmes' treating physician had approved sedentary employment. Dr. Grunsten reported that Holmes reached maximum recovery.

B. Supplemental Earnings Benefits

Supplemental earnings benefits (SEB) are awarded to a worker who is able to perform some work, but who cannot earn at least 90% of his wages at the time of injury. La.R.S. 23:1221(3). Holmes claimed that he worked 40 hours per week which amounted to $7.50 per hour. The job survey shows that Holmes could work at jobs paying $4.25 to $5.00 per hour. Therefore, Holmes cannot earn wages equal to at least 90% of the wages he earned at the time of his injury and is therefore entitled to SEB.
Supplemental earnings benefits are calculated as follows:
... sixty-six and two-thirds percent of the difference between the average monthly wages at the time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter.... Average monthly wages shall be computed *777 as four and three-tenths times the [average weekly wages].
La.R.S. 23:1221(3).
We have used $4.25 per hour to calculate the SEB:

Average monthly wages
 before accident: $1,290.00
Average monthly wages
 claimant is able to earn: $ 731.00
Difference $ 559.00
66 2/3% of $559 $ 372.66
$372.66/month equals $93.16/week

SEB of $93.16 per week shall apply from August 13, 1991 (when Commercial Union began SEB) and shall not exceed 520 weeks. La.R.S. 23:1221(3)(d).

JUDGMENT
The judgment is reversed as to temporary total disability. We conclude that Holmes is unable to earn 90% of his wages and is entitled to weekly supplemental earnings of $93.16 from August 31, 1991, not to exceed 520 weeks.
The judgment as to Commercial Union's liability to pay past reasonable and necessary medical fees and expenses is affirmed.
AFFIRMED IN PART; REVERSED IN PART.