618 So.2d 646 (1993)
Clyde BRADLEY, Sr., Plaintiff-Appellant,
v.
JUSTISS OIL COMPANY, INC., Defendant-Appellee.
No. 24,758-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1993.
*647 Bruscato & Loomis by James L. Braddock, Monroe, for plaintiff-appellant.
Gaharan & Wilson by R. Joseph Wilson, Jena, for defendant-appellee.
Before MARVIN, SEXTON and BROWN, JJ.
BROWN, Judge.
This appeal arises out of a worker's compensation case. Plaintiff, Clyde Bradley, Sr. ("Bradley"), asserts that the hearing officer erred in awarding rehabilitation pursuant to LSA-R.S. 23:1226 as amended in 1989, failing to reinstate in full his temporary total disability benefits from the date they were stopped through the conclusion of an appropriate rehabilitation program and failing to award interest, penalties *648 and attorney fees. For the reasons set forth below, we affirm.

FACTS
Bradley was employed as a roughneck by defendant, Justiss Oil Company, Inc. ("Justiss"). His duties included performing heavy labor in the oilfields. Bradley injured his right bicep muscle on November 15, 1987, while in the course and scope of his employment with Justiss. Plaintiff thought his injury was minor and continued working.
On October 6, 1988, while in the course and scope of his employment, he re-injured his right bicep muscle. Bradley reported the accident to his supervisor, Terry Boyett, who authorized him to seek medical treatment.
Defendant, who is self-insured for workers' compensation purposes, paid weekly benefits to plaintiff in the amount of $267.00 from October 6, 1988, through July 11, 1990. These benefits were reduced by defendant to $125.98 per week from July 12, 1990, until December 27, 1990. Thereafter, defendant paid to plaintiff weekly benefits in the amount of $98.58.
Plaintiff filed a workers' compensation claim seeking temporary total disability benefits and in the alternative supplemental earnings benefits for the maximum period allowed by law. Plaintiff also sought future medical expenses, penalties and attorney fees for defendant's alleged arbitrariness in reducing the amount of plaintiff's benefits.
The evidence established that at the time of the hearing, plaintiff was sixty years old, had a limited education, was basically unable to read or write and had spent the majority of his work life performing manual labor.
It is undisputed that plaintiff was injured on the job and that his roughneck days are over. Plaintiff has reached maximum medical recovery but is limited in the type of physical work he can now perform.
Ray Thompson, the manager of employee relations for Justiss, testified that based on the medical reports of Drs. Cline and Rambach, Justiss determined that plaintiff was able to earn 90% of his pre-injury wages. Thompson stated that a vocational rehabilitation specialist was not hired to evaluate plaintiff because defendant made a series of employment offers to Bradley. Thompson testified that the job requirements of each offered position complied with the restrictions imposed by plaintiff's treating physician. When none of these offers of employment were accepted, Justiss reduced plaintiff's weekly payments in accordance with the statute providing for supplemental earnings benefits (SEB).
Plaintiff testified that he rejected an offer of rehabilitative training because of his age and that by the time he was taught to read and write so he could learn another trade, he would be past the age of retirement. Bradley testified that he didn't accept the re-employment offers because he feared his arm would hurt and that the job would not last very long. However, at the hearing, Bradley stated that he would now like to be retrained so he could earn his former wage. Plaintiff testified that since his injury, he has been unable to work.
The hearing officer found that an evaluation of plaintiff by a vocational rehabilitation expert was required in order to restore plaintiff to employment at 90% of his pre-injury wages. The hearing officer determined that Bradley was entitled to a retraining program for a period not to exceed 26 weeks (though this period could be extended an additional 26 weeks). Justiss was to be responsible for selection of a vocational counselor to assist Bradley. The hearing officer further ordered Justiss to pay plaintiff workers' compensation weekly benefits in the amount of $267.00 during the rehabilitation period. The hearing officer declined to award penalties or attorney fees, noting that defendant had a legitimate basis for reducing plaintiff's benefits based on plaintiff's assertion that since he was too old for retraining, he would just quit and retire.
It is from these findings that plaintiff appeals.

*649 DISCUSSION

Plaintiff's Right to Rehabilitation
Neither plaintiff nor defendant disputes that plaintiff is entitled to rehabilitation. Plaintiff argues that the hearing officer erred in awarding rehabilitation pursuant to LSA-R.S. 23:1226 as amended in 1989. We agree. The rights and duties of the parties are fixed according to the law at the time of injury. Thus, Louisiana's Workers' Compensation law in effect on October 6, 1988, the date of plaintiff's accident, is applicable. Hill v. L.J. Earnest, Inc., 568 So.2d 146 (La.App. 2d Cir.1990), writ denied, 571 So.2d 652 (La.1990).
Section 1226(A) pre-amendment provides that when an employee has suffered a compensable injury which precludes him from earning wages equal to those earned before his injury, he is entitled to prompt rehabilitation services. The goal of rehabilitation is to provide the injured employee with appropriate training and education for suitable gainful employment. Section 1226(B) defines "suitable gainful employment" as employment or self-employment, after rehabilitation, which is reasonably attainable and which offers an opportunity to restore the individual as soon as practical and nearly as possible to his average earnings at the time of injury.
LSA-R.S. 23:1226(E) at the time of plaintiff's accident provided in part as follows:
When it appears that rehabilitation is necessary and desirable to restore the injured employee to suitable gainful employment, the employee shall be entitled to reasonable and proper rehabilitation services for a period not to exceed twenty-six weeks, which period may be extended for an additional period not to exceed twenty-six additional weeks if such extended period is determined to be necessary and proper by the director, or upon his refusal, by the court. However, no employee or insurer shall be precluded from continuing such rehabilitation beyond such period on a voluntary basis. An injured employee must request and begin rehabilitation within two years from the date of the termination of temporary total disability as determined by the treating physician.
While we agree that LSA-R.S. 23:1226 as it read on the date of plaintiff's accident applies, we find no error in the hearing officer's award of rehabilitation to plaintiff. The fact that the hearing officer referred to LSA-R.S. 23:1226 as amended rather than as it read on the date of plaintiff's injury is of no consequence. Although the goals and procedures of rehabilitation services were greatly modified in 1989, the amendment to Subsection (E) of 1226 was merely technical. Plaintiff is entitled to rehabilitation for an initial period of 26 weeks, which period may be extended for 26 additional weeks. The goal of this rehabilitation should be to provide plaintiff with appropriate training and education for suitable employment.

Temporary Total Disability Benefits/Supplemental Earnings Benefits
Plaintiff asserts that he is entitled to full temporary total disability benefits from the date of his injury through the period of rehabilitation. Defendant does not contest plaintiff's entitlement to temporary total disability benefits during the rehabilitation period. However, Justiss argues that the hearing officer's finding that Bradley was able to engage in gainful employment after July 10, 1989, was based on the evidence and medical testimony and is not erroneous. Therefore, their reduction of plaintiff's benefits following this date was warranted.
Factual findings regarding disability in workers' compensation cases are entitled to great weight and should not be disturbed on appeal absent manifest error. Johnson v. Insurance Co. of North America, 454 So.2d 1113 (La.1984); Washington v. Manville Forest Products Corp., 507 So.2d 6 (La.App. 2d Cir.1987); Holmes v. International Properties, 611 So.2d 773 (La.App. 4th Cir.1992).
When a satisfactory degree of healing is reached, the claimant's condition will be deemed permanent and he will no longer *650 be entitled to temporary total disability benefits. Ross v. St. Paul Fire & Marine Insurance Co., 556 So.2d 891 (La.App. 2d Cir.1990); Johnson v. Monroe Pulpwood Co., 505 So.2d 862 (La.App. 2d Cir.1987); Holmes v. International Properties, supra.
In National Union Fire Insurance Co. v. Louisiana Workers' Compensation Second Injury Board, 535 So.2d 474 (La. App. 1st Cir.1988), the court found that after the workers' compensation claimant had reached maximum medical recovery and was released to return to work, albeit with restrictions, he was no longer unable to engage in any self-employment or gainful occupation for wages as contemplated by LSA-R.S. 23:1221(1). Under these circumstances the claimant was entitled to permanent partial disability benefits, LSA-R.S. 23:1221(4), or supplemental earnings benefits, LSA-R.S. 23:1221(3).
Plaintiff's treating physician, Dr. Baer Rambach, made the following notation in his progress notes of July 10, 1989:

I think this patient has attained a state of maximum medical benefit. I do not believe that he could return back to doing any type of work which would require his having to do any heavy lifting with the right arm. Lifting with the right arm would have to be limited to about 10 pounds. He could not do this repetitively. He could not do any type of work which would require repetitive use of the right upper extremity, which definitely is weaker. If this patient could work in a supervisory capacity, or a capacity which would not require his having to do any lifting, reaching, straining or stretching with the right arm, I think he could possibly function in that type of position. (Emphasis added).
Defendant could have reduced plaintiff's temporary total disability benefits as early as July 10, 1989, based on Dr. Rambach's progress notes. However, defendant did not reduce plaintiff's benefits until July 11, 1990. This reduction came only after plaintiff had declined three job offers and rehabilitation.
After being released by Dr. Rambach, plaintiff was offered a job as an extra man on a drilling rig. In this position plaintiff would have been required to perform tasks not connected with drilling. Defendant next offered plaintiff the job of pusher or foreman supervising employees in defendant's yard in Jena, Louisiana. This position was to be purely supervisory. Finally, defendant offered plaintiff a job as night watchman in Arp, Texas. Each job offered would have enabled plaintiff to earn at least 90% of his pre-injury wages. Plaintiff refused each job offer, although he was informed that the duties of each position complied with his treating physician's restrictions. These job offers were not self-serving creations of defendant to defeat plaintiff's claim. Frazier v. Conagra, Inc., 552 So.2d 536 (La.App. 2d Cir.1989).
Plaintiff also asserted to Thompson that because he was too old to be retrained, he would "quit and retire." On July 11, 1990, plaintiff filed forms to cancel his participation in defendant's savings/retirement plan. Plaintiff withdrew the funds he was entitled to from this plan.
Based on the foregoing, we find that the hearing officer's determination that defendant properly reduced plaintiff's benefits was not clearly wrong or manifestly erroneous.

Plaintiff's Entitlement to Attorney Fees and Penalties
The determination of whether an employer should be cast with penalties and attorney fees is essentially a question of fact and the trial court's finding shall not be disturbed on appeal absent manifest error. McKenzie v. City of Bossier City, 585 So.2d 1229 (La.App. 2d Cir.1991); Jim Walter Homes v. Lewis, 544 So.2d 485 (La.App. 2d Cir.1989).
Whether reduction or termination of workers' compensation benefits is without probable cause so as to render the employer liable for attorney fees and penalties depends primarily on facts known by the employer at the time of its action. When a reduction or termination is based *651 on legitimate disputes as to extent or cause of claimant's disability, penalties and attorney fees will not be awarded. Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La. App. 2d Cir.1991); Ross v. St. Paul Fire & Marine Ins. Co., supra; Jim Walter Homes v. Lewis, supra. A workers' compensation claim is "reasonably controverted," precluding imposition of penalties and attorney fees, if the employer had sufficient factual and medical information upon which to base a decision to reduce or terminate benefits. McKenzie v. City of Bossier City, supra; Myers v. Stone Container, Inc., 556 So.2d 202 (La.App. 2d Cir.1990), writ denied, 560 So.2d 30 (La.1990).
Plaintiff asserts that defendant did not have a legitimate basis for decreasing his benefits, emphasizing the fact that Justiss did not utilize the services of a vocational rehabilitation specialist in concluding that he was able to return to work and earn 90% of his pre-injury wages. Furthermore, plaintiff claims that defendant did not prove that plaintiff had totally and permanently retired from the work force.
There is no requirement that an employer use the services of a vocational rehabilitation expert to evaluate a claimant prior to the decision to reduce or terminate benefits. If the medical evidence is clear and uncontradicted to the effect that total disability to engage in any gainful occupation or self employment is at an end, the employer should not be liable for penalties or attorney fees when it reduces benefits in accordance with the rules for calculating supplemental earnings benefits. Myers v. Stone Container, Inc., supra; Jim Walter Homes v. Lewis, supra.
The hearing officer did not err in refusing to award attorney fees or penalties to plaintiff. Defendant's reduction of plaintiff's benefits was not without probable cause but was based on the recommendation of plaintiff's treating physician, plaintiff's refusal to accept rehabilitation or offers of re-employment and plaintiff's statements to Justiss personnel that because of his age, he would just quit and retire.

CONCLUSION
For the reasons set forth above, the judgment is AFFIRMED.