695 So.2d 1009 (1997)
Oliver ROBINSON
v.
INTEGRATED TANK SERVICES, INC.
No. 96-CA-1080.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1997.
*1010 Raymond S. Maher, Jr., New Orleans, for Defendant/Appellant.
Omodare Jupiter, New Orleans, for Plaintiff/Appellee.
Before WICKER, GOTHARD and DALEY, JJ.
DALEY, Judge.
Defendant, Integrated Tank Services, Inc., appeals the judgment of the worker's compensation court that they are responsible for penalties and attorney's fees to plaintiff, Oliver Robinson, for its decision to terminate plaintiff's compensation benefits. For the following reasons, we affirm.
Plaintiff suffered chemical burns to the face and eye area in a work related accident on December 8, 1995. Compensation benefits were paid from December 9, 1995, until February 6, 1996, when defendant suspended payments. On March 5, 1996, plaintiff filed a 1008 Worker's Compensation Petition requesting that payments be reinstated and that defendant be cast in judgment for penalties and attorney's fees. Defendant resumed *1011 the payment of benefits on May 1, 1996, and eventually paid past due compensation benefits for the period February 19, 1996, through May 1, 1996. The only issue pleaded and remaining for resolution was the claim for penalties and attorney's fees based on defendant's decision to stop compensation payments.
As reflected in the pretrial statement of both parties, it was stipulated that plaintiff was being paid weekly compensation benefits and that defendant had paid all past due benefits and medical bills that plaintiff alleged in his petition were due. Trial then commenced on September 13, 1996. The parties stipulated that the sole issue before the court was plaintiff's entitlement to penalties and attorney's fees and whether defendant was arbitrary and capricious in suspending compensation payments to plaintiff from February 19, 1996 to May 1, 1996. The trial evidence established that defendant notified plaintiff of their decision to suspend compensation payments because "We do not have any medical reports stating [plaintiff] is still disabled from working regular duties." Following presentation of the evidence, the Hearing Officer rendered judgment finding plaintiff "is entitled to and hereby awarded temporary total disability benefits from the date of the December 1995 accident to the present with legal interest from this date until paid." The Hearing Officer went on to find defendant was arbitrary and capricious in the handling of the claim and awarded plaintiff penalties of $2,000.00 and attorney's fees of $5,000.00. On appeal, defendant contends the Hearing Officer erred in awarding plaintiff temporary total disability benefits, in determining defendant was arbitrary and capricious in suspending benefits, and that the attorney fee award of $5,000.00 was excessive and unsupported by the evidence.
Because of the stipulation that defendant had paid plaintiff all past due compensation and medical benefits and that plaintiff was currently receiving compensation benefits, we see no error in the Hearing Officer's determination that plaintiff is entitled to temporary total disability benefits. Based on this stipulation, the only issues before the court were whether defendant was arbitrary and capricious in handling the claim and plaintiff's entitlement to penalties and attorney's fees. Thus, the Hearing Officer's award to plaintiff of temporary total disability benefits is affirmed.
Defendant also contests the award of penalties and attorney fees. An employer who fails to investigate an employee's compensation claim subjects itself to statutory penalties and attorney fees. Nelson v. Roadway Exp., Inc., 588 So.2d 350, 355 (La.1991); Cochennic v. Dillard's Dept. Store Warehouse, 95-CA-705 La.App. 5 Cir. 1/17/96, 668 So.2d 1161 (1996). This is because an insurer is required to make a reasonable effort to ascertain an employee's exact medical condition before benefits are terminated. Nelson, supra; Orgeron v. Tri-State Road Boring, Inc., 434 So.2d 65 (La.1983). Cochennic, supra. This obligation is continuing in nature. A worker's compensation claim is reasonably controverted, precluding imposition of penalties, if the employer had sufficient factual and medical information upon which to base a decision to reduce or terminate benefits. Menard v. Winn Dixie Louisiana, Inc., 640 So.2d 775 (La.App. 3d Cir.1994). The jurisprudence has held that an employer or insurer may avoid the imposition of penalties and attorney's fees if it relies upon "competent medical advice" in the decision not to provide benefits or to terminate benefits. Manuel v. River Parish Disposal, Inc., 96-CA-302 La. App. 5 Cir. 10/1/96, 683 So.2d 791 (1996). Therefore, if after an initial optimistic report, an insurer receives medical information indicating the possibility of continuing disability, the insurer may not blindly rely upon the earlier report to avoid penalties for arbitrary nonpayment of compensation benefits. Nelson, supra; Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La.1976); Cochennic, supra. A worker's compensation plaintiff is not entitled to penalties and attorney's fees unless the withholding of benefits is found to be arbitrary, capricious or without probable cause. Withers v. Timber Products, Inc., 574 So.2d 1291 (La.App. 3 Cir.1991), writ denied 580 So.2d 378, reconsideration denied 581 So.2d 699. Whether the discontinuance of compensation benefits is without reasonable foundation and, therefore, arbitrary and *1012 capricious is a question of fact. Manuel, supra.
In her Reasons For Judgement, the Hearing Officer determined plaintiff suffered severe injuries to both corneas and, in December 1995, was referred to a rheumatologist for continued evaluation because the required drug treatment caused significant side effects. In a February 6, 1996 "Statement Of Attending Physician", plaintiff's treating physician stated plaintiff was "disabled from engaging in any occupation or performing any work or compensation for profit." Less than one month later, defendant suspended benefits because "[w]e do not have any medical reports stating claimant is still disabled from working regular duties."
Plaintiff was injured and sought treatment from the hospital and doctor where defendant referred him. Plaintiff was not examined before benefits were terminated. His treating physician was not contacted nor was a consultation with another physician requested.
Defense counsel, Mr. Maher, testified during the hearing that benefits were terminated because Dr. Friedlander, the treating physician, reported in a letter dated January 24, 1996, that Mr. Robinson "has made satisfactory improvement with remarkable recovery of his cornea". Defendant, however, ignored or negligently overlooked the fact that the treating physician reported in the same letter that Mr. Robinson's "visual activity is 20/400 in both eyes". It is obvious, given the fact that a person with vision of 20/400 is legally blind, that defendant failed to do even a cursory investigation before suspending benefits. We find no error and, in fact, agree with the Hearing Officer's determination that defendant was arbitrary and capricious in the handling of the claim and that plaintiff is entitled to an award of penalties.
Finally, defendant contends the award of attorney's fees is excessive. A trial court has great discretion in fixing an attorney fee award and the award may not be modified on appeal absent an abuse of discretion. Layssard v. Proctor & Gamble, 532 So.2d 337 (La.App. 3 Cir.1988).
Plaintiff's attorney submitted time sheets supporting an attorney fee award $2,275.00 through trial and an additional $550.00 for services rendered from September 13, 1996 to September 17, 1998. The Hearing Officer awarded plaintiff attorney's fees of $5,000.00, more than the time sheets submitted by counsel. However, considering the fact counsel was required to defend the claim on appeal, we cannot say the Hearing Officer abused her discretion in awarding $5,000.00 in attorney's fees. See Guillory v. St. Jude Medical Center, 96-CA-21 La.App. 5 Cir. 5/28/96, 675 So.2d 1198 (1996).
For the forgoing reasons, the judgment of the Hearing Officer is affirmed.
JUDGMENT AFFIRMED.