hDECUIR, Judge.
Triad Electric & Controls appeals a workers’ compensation judgment awarding penalties and attorney fees in favor of its employee, Blaine MacDonald. Triad contends that its discontinuance of benefits was reasonable, that penalties are not statutorily authorized in this instance, and that the award of attorney fees was manifestly erroneous. Our review of the proceedings below reveals error in the judgment rendered; accordingly, we reverse.
The stipulated facts and medical records contained in the record show that MacDonald injured his neck in the course of his employment on March 14, 2000. He performed light-duty work until April 11, 2000, when no further light-duty work was available. Thereupon, Triad paid weekly indemnity benefits at the statutory maximum rate and paid all medical expenses incurred by MacDonald. His treating physician was Dr. James Perry, an orthopedist, who noted in October of 2000 that the complaints of pain were out of proportion to the clinical findings. After several months of medical treatment for neck pain and inconclusive diagnostic testing, MacDonald was referred by Dr. Perry to Dr. John Budden, another orthopedist. He diagnosed a soft tissue injury which could possibly be resolved with surgery. However, because Dr. Budden does not perform surgery, he sent MacDonald to Dr. Jack Hurst, a neurosurgeon. Dr. Hurst determined that MacDonald was not a surgical candidate and could return to work without restrictions.
Based upon Dr. Hurst’s report, and considering there was no contrary medical advice, Triad discontinued MacDonald’s indemnity benefits on December 14, 2000. Triad continued to pay medical expenses and authorized payment for MacDonald to see his own choice of neurosurgeon, Dr. William Foster. Dr. Foster determined that MacDonald was disabled from returning to work, and he recommended further testing to determine if MacDonald would benefit from surgery. When MacDonald instituted [ ¿this disputed claim for benefits, Triad immediately requested a court-appointed independent medical examination to resolve the two conflicting opinions regarding MacDonald’s medical condition: Dr. Hurst’s unequivocal conclusion that MacDonald did not need surgery and Dr. Foster’s equivocal statement that surgery may be an option.
In June 2001, Dr. Anthony Ioppolo, the court appointed neurosurgeon, issued a report stating that a cervical fusion may be warranted. Dr. Ioppolo’s opinion was based in part on a positive diseogram performed in May. Triad then reinstated indemnity benefits, paid retroactive benefits, *1285 and paid for MacDonald’s surgery, which was performed in October of 2001 by Dr. Perry. At the time of trial, MacDonald remained under Dr. Perry’s care and was receiving indemnity benefits from Triad.
The discontinuance of workers’ compensation benefits is addressed in La.R.S. 23:1201.2, which provides:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section. The provisions of R.S. 22:658(C) shall be applicable to claims arising under this Chapter.
Under this statute, MacDonald is not entitled to a penalty for the employer’s alleged arbitrary and capricious discontinuance of benefits. By the clear language of the statute, only attorney fees can be awarded for the improper discontinuance of benefits. Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41. Thus, the $2,500.00 penalty assessed by the workers’ compensation judge must be reversed.
IsOur review of Triad’s activities concerning this claim reveals manifest error in the award of attorney fees as well. The evidence shows that Triad’s decision to discontinue indemnity payments was based on competent medical reports and a medical release to return to work. Triad availed itself of the methods outlined in the Workers’ Compensation Act to resolve the claimant’s medical complaints by requesting the appointment of an independent medical examination. Triad continued to investigate the claim and provide medical benefits after it discontinued indemnity payments. Upon receipt of the report from the IME, Triad reinstated benefits.
In Robinson v. Integrated Tank Services, Inc., 96-1080 (La.App. 5 Cir. 5/14/97), 695 So.2d 1009, citing Menard v. Winn Dixie Louisiana, Inc., 93-1497 (La.App. 3 Cir. 6/1/94), 640 So.2d 775, the court explained that a worker’s compensation claim is reasonably controverted, thereby precluding the imposition of penalties, if the employer had sufficient factual and medical information upon which to base a decision to reduce or terminate benefits. The jurisprudence has held that an employer may avoid the imposition of penalties and attorney fees if it relies upon competent medical information in the decision not to provide benefits or to terminate benefits. Manuel v. River Parish Disposal, Inc., 96-302, 96-303 (La.App. 5 Cir. 10/1/96), 683 So.2d 791.
The court in Bradley v. Justiss Oil Co., Inc., 618 So.2d 646 (La.App. 2 Cir., 1993) discussed the basis for an employer’s reduction of benefits:
Whether reduction or termination of workers’ compensation benefits is without probable cause so as to render the employer liable for attorney fees and penalties depends primarily on facts known by the employer at the time of its action. When a reduction or termination is based on legitimate disputes as to extent or cause of claimant’s disability, penalties and attorney fees will not be awarded. A workers’ compensation claim is “reasonably controverted,” precluding imposition of penalties and attorney fees, if the employer had sufficient factual and medical information upon which to base a decision to reduce or terminate benefits.
*1286 618 So.2d at 650-651. (Citations omitted.)
We find that MacDonald’s claim for benefits was reasonably controverted based on the medical information available to Triad at the time of discontinuance of indemnity payments. Therefore, Triad’s decision to discontinue benefits was not arbitrary, capricious, or without probable cause, and the award of attorney fees for the discontinuance was in error. For the foregoing reasons, the judgment of the Office of Workers’ Compensation is reversed. Costs of this appeal are assessed to the claimant.
REVERSED.
PETERS, J., concurs in part and dissents in part.
SAUNDERS, J., dissents and assigns written reasons.