960 So.2d 1240 (2007)
Wayne FARMER, Plaintiff-Appellee,
v.
R.A.S. MANAGEMENT COMPANY, INC., Defendant-Appellant.
No. 42,306-WCA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*1241 Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell by Robert A. Dunkelman, Shreveport, for Appellant.
Street & Street by D. Randolph Street, for Appellee.
Before STEWART, PEATROSS and DREW, JJ.
STEWART, J.
R.A.S. Management Company, Inc., and Louisiana Home Builders Self Insured Fund (collectively "R.A.S."), appeals the WCJ's award of benefits, penalties and attorney fees in favor of Wayne Farmer in pursuit of his workers' compensation claim. In answer to the appeal, Mr. Farmer asks this court for an additional $1,500.00 in attorney fees for the prosecution of this appeal. For the reasons more fully explained herein, we affirm the judgment of the WCJ and award Mr. Farmer $750.00 in attorney fees for prosecution of this appeal.

FACTS
Wayne Farmer worked as a maintenance supervisor for R.A.S. On August 26, 2004, Farmer and a co-employee, John Threadgill, were exiting a break room and proceeding back to work. The break room had a couple of steps that had to be descended in order to get back down to ground level. While walking down the steps, Farmer fell down landing on all fours. Threadgill noted that the incident "seemed like a minor accident to him." After the accident, Threadgill worked with Farmer on a daily basis and remembered him complaining about shoulder pain, but did not recall any mention of any knee pain. Nonetheless, Farmer, who had missed an extensive amount of time from work because of a work related shoulder injury, asserted that he did not want to miss any time from the job because of complications with his knee. As a result he wore a knee brace.
Immediately following the accident, Farmer reported the incident to his immediate supervisor, Jodie Meeks, who for reasons that were not explained, failed to complete an incident report at that time. Carol Lawrence, then an R.A.S. employee, became romantically involved with Farmer around the time of the accident and testified that he complained of problems with his knee persistently following the accident. She also testified that Farmer informed Jodie Meeks of the incident immediately following the fall. Her testimony was corroborated by Kaycee Wright, who also witnessed Farmer come into the office and inform Ms. Meeks about the incident, and she also noted Ms. Meeks' failure to fill out an incident report. Ms. Wright later left employment with R.A.S.
Kelips Bradley Aucoin is vice president of R.A.S., and he testified that he gets all accident reports from Jodie Meeks, but that he never received one concerning a knee injury suffered by Farmer.
Jodie Meeks testified that Farmer never reported any knee injury to her, and that her first knowledge of the incident came with the filing of the instant lawsuit. She *1242 asserts that Farmer only filed this claim because he and Carol Lawrence were dating and they were disgruntled over the fact that she, rather than Ms. Lawrence, was given the promotion to manager by R.A.S.
James Shelton, a maintenance supervisor for R.A.S., testified that although he never saw Farmer wearing a knee brace or having a problem with his knee, he was aware of the incident because he had been informed by Mr. Threadgill. James Sanderson, a maintenance technician for R.A.S., also testified that Farmer expressed to him the problems he was having with his knee.
Farmer began seeing Dr. Felix Savoie on September 2, 2004, for treatment of his knee injury. He was diagnosed with myelalgia of the patella, bursitis/tendinitis of the knee, and a meniscus tear. Dr. Savoie, who was treating Farmer because of his shoulder injury, ordered a short period of rehabilitation. Dr. Savoie, who admitted he was not an expert in knee injuries and did not perform a thorough examination of Farmer's knee, opined that he did not think Farmer's knee injury was particularly serious. However, he agreed to defer to the opinion of Dr. F. Sutton, the orthopedic surgeon who treated Farmer for his knee in June of 2005. Dr. Sutton had an impression of probable internal deraignment and minuscule tear of the meniscus in the right knee. An MRI was ordered on June 20, 2005. Brent McDonald, who performed the MRI, noted that there was bone bruising in the medial tibial plateau, torn meniscus and a minimum joint effusion. He opined that the bruising discovered in June 2005 could have been longstanding and caused by the sudden trauma of a fall. Farmer filed a disputed claim for benefits on July 8, 2005.
Following a trial on the merits, the WCJ determined that Farmer's medial meniscus injury was causally related to the accident of August 26, 2004, and awarded Farmer the statutory maximum of $2,000.00 in penalties and $5,000.00 in attorney fees. This appeal ensued. Farmer answered the instant appeal requesting an additional $1,500.00 in attorney fees for the costs associated with defending this appeal.

DISCUSSION
Standard of Review
Absent an abuse of discretion or manifest error, a reviewing court cannot disturb the factual findings of a trial court. Rosell v. ESCO, 549 So.2d 840 (La.1989). Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell, supra; Charrier v. Primm, 40,038 (La.App.2d Cir.08/19/05), 909 So.2d 1033.
We find that the appellant cannot show that there was manifest error in the WCJ's determination of causation. Stobart v. State, through DOTD, 617 So.2d 880 (La.1993). The record reveals that Farmer reported the injury immediately to his superior who then failed to do an accident report. The accident was witnessed by several coworkers who corroborated Farmer's version of the events giving rise to the accident. Moreover, Mr. Farmer had no history or complaint of knee problems before the accident, but such complaints arose and persisted thereafter. Lastly, Dr. Savoie, appellant's physician, deferred to Dr. Sutton, appellee's treating physician, with respect to his findings concerning the cause of the subject injury. There was no manifest error in the WCJ's determination that he could not give the opinion of Dr. Savoie great weight as it relates to causation.
Appellants misstate the record without regard for the substance of the testimony, or without any reference to the WCJ's *1243 resolution of the conflicting evidence. Appellee's coworkers testified that he had considerable trouble with the knee following the accident. The record also reveals that Mr. Farmer's supervisor, Jodie Meeks, failed for weeks to write an accident report in spite of numerous requests by Mr. Farmer to do so. Appellants also seem to ignore the fact that Farmer consistently wore a knee brace following the accident to protect himself.
We find that the record is replete with a compelling factual basis for the WCJ's conclusion that the August 26, 2004, accident was causally related to Mr. Farmer's right knee injury. Appellant relied heavily on the testimony of Dr. Savoie; however, by his own admission he did not offer an opinion on the causation of Mr. Farmer's injury because he "doesn't do knees, so I can't say one way or the other." As such, he deferred to the conclusions of Dr. Sutton with respect to the causation of Mr. Farmer's knee trouble. Mr. Farmer more than met the burden of proof necessary to entitle him to the presumption of causation.
Appellants contend that the presumption does not apply because Farmer is not disabled. Under this flawed reasoning, the appellants only have to pay for the surgery if Farmer proves he is disabled. The appellants fail to appreciate that this is not a presumption of disability but of causation. Even if the court would determine that Farmer is not entitled to a presumption of causation, the evidence entered at trial clearly establishes the causal link between the accident and Farmer's injury.
As to the award of attorney fees and penalties, it is subject to the same manifest error standard of review. Oliveaux v. Riverside Nursing Home, 29-419 (La.App.2d Cir.4/2/97), 691 So.2d 340. The employer failed to pay medical benefits within 60 days of written notice. La. R.S. 23:1201(E). The appellants were not penalized for challenging the surgery, but for not acknowledging the claim from its inception and even after investigating the claim, for failing to pay even for Farmer's visits to physical therapy. As such, we find no error in the trial court's award of penalties and attorney fees.
As to the answer to the appeal, Farmer requested $1,500.00 in the prosecution of this appeal. We award $750.00 to Farmer for the prosecution of the appeal.

CONCLUSION
Based on the above, we affirm the judgment of the WCJ and award Farmer $750.00 for the prosecution of this appeal. Cost assessed to appellant.
AFFIRMED.