PEATROSS, J.
 

 |! After a trial on the merits in this workers’ compensation case, the Workers’ Compensation Judge (“WCJ”) held in favor of the claimant, Rufus White, awarding him supplemental earnings benefits (“SEBs”), attorney fees of $8,000, penalties of $10,750 and court costs. In his reasons for judgment, the WCJ stated that County Market failed to carry its burden of proving that it made a suitable job offer to Mr. White after he proved his disability and inability to return to work due to his work-related injury. This appeal ensued. For the reasons stated herein, we affirm in part and reverse in part.
 

 FACTS
 

 Claimant, Mr. White, was injured in a work-related accident on November 1, 2005, when he fell while standing on a cart stocking spices. Mr. White suffered injuries to his back, which were diagnosed as mild central disc protrusion and disk fragmentation. His treating physician, Dr. Ryan Bicknell, recommended that he undergo surgery for his back injury.
 

 Mr. White then sought another medical opinion from Dr. Donald Smith, who agreed with Dr. Bicknell that Mr. White should undergo surgery. Dr. Smith also noted, however, that Mr. White was reluctant to undergo surgical procedures. Consequently, Dr. Smith submitted a Work Status Report to Mr. White’s employer, County Market, which stated that Mr. White could return to work with no restrictions if he could tolerate doing so; otherwise, he recommended surgery. Mr. White’s treating | ^physician, Dr. Bicknell, agreed with Dr. Smith’s recommendations in the Work Status Report.
 

 Mr. White then sought a third medical opinion from Dr. Anil Nanda. After evaluating Mr. White, Dr. Nanda suggested additional physical therapy, daily stretching and weight management with the caveat that he recommended surgery if Mr. White’s pain continued. On receiving these medical opinions, Mr. White opted not to undergo surgery.
 

 In September 2006, Mr. White’s case manager contacted Dr. Bicknell and requested specific work restrictions so that County Market could make the appropriate accommodations so that Mr. White could return to work. Dr. Bicknell indicated light duty restrictions, specifically that Mr. White should not lift over 5-10 pounds, should not bend or kneel and should be permitted to change positions frequently.
 

 After receiving notice of these restrictions, Mr. Jeff Chitwood, Risk Manager for County Market, made a written offer of employment to Mr. White. The letter stated that County Market was aware that Mr. White had been released by his physician to return to work full duty; however, County Market was willing to return Mr. White to a light duty position on a “short temporary basis.” The letter further stated that Mr. White should report for work on October 9, 2006, and should contact Mr. Chitwood with any questions.
 

 When Mr. White received the letter from Mr. Chitwood offering employment, he did not accept the offer, nor did he contact Mr. Chitwood to discuss the offer. At trial, Mr. White testified that he was confused and |aupset by the letter and did not want to call Mr. Chitwood because he figured it was a “lost cause.” Mr. White did not report for duty on October 9, 2006; and, consequently, County Market terminated Mr. White’s indemnity benefits. Mr. White then filed a disputed claim for benefits in November 2006. Within a cou-
 
 *908
 
 pie of weeks, the matter proceeded to trial. As previously stated, the WCJ rendered a judgment in favor of Mr. White, awarding him SEBs, penalties, attorney fees and court costs.
 

 County Market now appeals.
 

 DISCUSSION
 

 Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review.
 
 [1]
 

 Banks v. Industrial Roofing & Sheet Metal Works, Inc.,
 
 96-2840 (La.7/1/97), 696 So.2d 551;
 
 Smith v. Louisiana Dep’t of Corrections,
 
 93-1305 (La.2/28/94), 633 So.2d 129. On review, an appellate court may not set aside the findings of fact by the trial court unless those findings are clearly wrong or manifestly erroneous.
 
 Smith, supra; Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880 (La.1993);
 
 Rosell v. ESCO,
 
 549 So.2d 840 (La.1989). An appellate court must not base its determination on whether it considers the trier of fact’s conclusion to be right or wrong, but on whether the fact finder’s conclusion was reasonable.
 
 Stobart, supra.
 

 In order to reverse a fact finder’s determination, an appellate court must review the record in its entirety and (1) find that a reasonable factual |4basis does not exist for the finding and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous.
 
 Salvant v. State,
 
 05-2126 (La.7/6/06), 935 So.2d 646;
 
 Stobart, supra.
 
 The appellate court must not reweigh the evidence or substitute its own factual findings because it would have decided the case differently.
 
 Pinsonneault v. Merchants & Farmers Bank & Trust Co.,
 
 01-2217 (La.4/3/02), 816 So.2d 270. Where the fact finder’s conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.
 
 Rosell, supra.
 

 In its first assignment of error, County Market argues that Mr. White was not entitled to an award of SEBs. According to County Market, it was willing to make all necessary accommodations for Mr. White to return to work and did so within the restrictions indicated by Mr. White’s physician. County Market contends that, after it made a suitable job offer to Mr. White, it was his burden to prove that he could not perform the job that had been offered to him. According to County Market, since Mr. White did not contact County Market after the initial job offer or submit any evidence that he was not capable of performing the job offered by County Market, he faded to carry this burden.
 

 Supplemental earnings benefits are available to an employee who is able to prove, by a preponderance of the evidence, that a work-related injury has rendered the person unable to earn at least 90% of pre-accident wages.
 
 See
 
 La. R.S. 23:1021(1), (8)(a); 23:1221(3)(c);
 
 Banks, supra; Gilley v. Reeves Deli Mart,
 
 30,355 (La.App. 2d Cir.4/8/98), 711 So.2d 328;
 
 Glascock v. Georgia-Pacific Corp.,
 
 25,677 (La.App. 2d Cir.3/30/94), 635 So.2d 474;
 
 Lubom v. L.J. Earnest, Inc.,
 
 579 So.2d 1174 (La.App. 2d Cir.1991). The purpose of such an award is to compensate an injured employee for the wage earning
 
 *909
 
 capacity lost as a result of the accident.
 
 Banks, supra; Gilley, supra; Glascock, supra.
 
 Once the claimant establishes a
 
 prima facie
 
 case, the burden shifts to the employer to show that employment is generally available within the claimant’s physical capabilities and in his or the employer’s reasonable geographic region.
 
 Banks, supra; Gilley, supra; Romero v. Grey Wolf Drilling Co.,
 
 594 So.2d 1008 (La.App. 3d Cir.1992).
 

 An employer discharges its burden of proving job availability by establishing, at a minimum, the following: (1) the existence of a suitable job within the claimant’s physical capabilities and within the claimant’s or the employer’s community or reasonable geographic region; (2) the amount of wages that an employee with the claimant’s experience and training can be expected to earn in that job; and (3) an actual position available for that particular job at the time that the claimant received notification of the job’s existence.
 
 Banks, supra; Gilley, supra.
 
 Actual job placement, or even an offer of employment, however, is not necessary to prove the availability of employment.
 
 Banks, supra; Gilley, supra; Mayeux v. Kentucky Fried Chicken,
 
 28,163 (La.App. 2d Cir.4/3/96), 671 So.2d 1261,
 
 writ denied,
 
 96-1133 (La.6/7/96), 674 So.2d 966;
 
 Romero, supra.
 

 | (;If the employer’s burden is met, then the employee must show by clear and convincing evidence, without any presumption of disability, that he is unable to perform the available employment solely as a consequence of substantial pain.
 
 See
 
 La. R.S. 23:1221(3)(c)(ii);
 
 Gilley, supra.
 

 A review of Mr. White’s medical records reveals the severity of his back injury that resulted from the work-related accident in November 2005. All three of Mr. White’s physicians recommended back surgery as the ultimate solution to his injuries, which were diagnosed as mild central disc pro-trusión and disc fragmentation. Furthermore, while Mr. White’s physicians recommended his release to work with some restrictions, they further stipulated that the release would only be applicable as long as Mr. White could tolerate the pain resulting from his back injury. None of Mr. White’s physicians could predict how long Mr. White would be able to tolerate the pain from his injuries or how severe his pain might become.
 

 In addition, as Mr. White’s medical records indicate, and as he testified at trial, he experiences constant pain in his back, pelvis and legs, intermixed with tingling and numbness, which varies in severity from day to day. Mr. White testified that some days he has trouble performing minor tasks, such as tightening his bed sheets to make his bed. Other days, the pain may be less severe, but it never totally ceases and the patterns of his pain appear to be difficult to predict.
 

 Furthermore, Mr. White testified that he knew the limitations of his own body, given his injuries, and that he would not be able to perform the duties required of him as the assistant manager of the store where he 17worked. Mr. White testified in detail about the lifting, stooping, squatting and standing requirements of the County Market assistant manager, the knowledge of which Mr. White gained from his 20-plus years of experience working for the store.
 

 Considering Mr. White’s medical records, and his testimony regarding his pain, injuries and the extent of his job duties, all of which was found to be credible by the WCJ, we find no error in the WCJ’s finding that Mr. White proved his inability to return to the job held at the time of his injury.
 

 In regard to the issue of whether or not County Market discharged its bur
 
 *910
 
 den of proving that it made a suitable job offer, we find a somewhat puzzling letter offering employment to Mr. White, in which Mr. Chitwood stated that, although Mr. White’s physician had released him to work full duty, County Market was offering Mr. White a light duty position on a “short temporary basis.” As pointed out by the WCJ, and as our review of Mr. White’s medical records reveals, Mr. White was not, in fact, released by his physicians to work full duty. Instead, Dr. Bicknell indicated that Mr. White’s work release was with light duty restrictions, specifically stating that he should not lift over 5-10 lbs., should not bend or kneel and should be permitted to change positions frequently-
 

 Additionally, County Market’s offer of a light duty position, as referenced in Mr. Chitwood’s letter to Mr. White, restricts the offer to a “short temporary basis.” Mr. Chitwood testified at trial that he included this limitation on the offer of employment to allow County Market time to | (¡determine if Mr. White could adequately perform his job duties once he returned to work. If Mr. White was unable to perform these duties, he would be expected to undergo the surgical procedure recommended by his physicians. Later at trial, when pressed by opposing counsel, Mr. Chitwood clarified that, contrary to the wording in the letter, should Mr. White have chosen not to undergo surgery, County Market would have allowed him to work at the store indefinitely in a light duty position.
 

 Given the inaccuracy of County Market’s assessment of Mr. White’s work release restrictions as indicated in the letter, the ambiguous, vague and temporary nature of the job offer, as well as the contradictory testimony of Mr. Chitwood in purported explanation of the letter’s “true meaning,” we find no manifest error in the WCJ’s finding that the letter did not constitute a suitable offer of employment. Accordingly, we find Appellant’s first assignment of error to be without merit.
 

 In its second assignment of error, County Market asserts that, if this court should find that the letter did not constitute a suitable job offer, Mr. White would still not be entitled to penalties and attorney fees because the offer made to him was made in good faith; and, therefore, County Market’s actions did not rise to the level of arbitrariness or capriciousness.
 

 The determination of whether an employer should be cast with penalties and attorney fees is essentially a question of fact and, therefore, subject to the same manifest error standard of review.
 
 Farmer v. R.A.S. Management Co., Inc.,
 
 42,306 (La.App. 2d Cir.6/20/07), 960 So.2d 1240;
 
 Oliveaux v. Riverside Nursing Home,
 
 29,419 (La.App. 2d Cir.4/2/97), 691 So.2d 340;
 
 Bradley v. Justiss Oil Co., Inc.,
 
 618 So.2d 646 (La.App. 2d Cir.1993).
 

 La. R.S. 23:1201 states in pertinent part:
 

 I. Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims. The provisions as set forth in R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section. The provisions as set forth in R.S. 22:1892(0 shall be applicable to claims arising under this Chapter.
 

 
 *911
 
 Whether a reduction or termination of workers’ compensation benefits is without probable cause, so as to render the employer liable for attorney fees and penalties, depends primarily on the facts known by the employer at the time of the termination of benefits.
 
 Oliveaux, supra.
 
 When a reduction or termination is based on legitimate disputes as to extent or cause of the claimant’s disability, penalties and attorney fees will not be awarded.
 
 Oliveaux, supra; Bradley, supra.
 

 Given the facts known to County Market at the time Mr. White’s benefits were suspended, we cannot conclude that the termination of those benefits rose to the level of being arbitrary and capricious. As previously stated, Mr. White’s physicians only released Mr. White to return to work, with limitations, should he be able to tolerate the pain. It was recommended that Mr. White undergo a surgical procedure to remedy his back injuries; however, Mr. White chose not to do so. After offering to Mr. White what County Market believed to be a suitable offer of employment, Mr. White did hnnot respond to the offer, nor did he show up for work. Accordingly, we find that County Market had probable cause to terminate Mr. White’s benefits, particularly given the facts and information available to it at that time. Consequently, the decision of County Market to do so did not rise to the level of being arbitrary or capricious. Accordingly, we reverse the WCJ’s award of penalties, attorney fees and court costs to be assessed against County Market.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the WCJ awarding SEBs pursuant to La. R.S. 23:1221 is affirmed. The portion of the judgment of the WCJ awarding penalties, attorney fees and court costs to be assessed against County Market is reversed. Costs of this appeal are assessed to County Market.
 

 AFFIRMED IN PART and REVERSED IN PART.
 

 [1]
 

 . We are unpersuaded by appellant’s argument that the appropriate standard of review in this case is
 
 de novo
 
 review.